```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD HARTMAN,                 :
                                 :
     Plaintiff                   :      No. 4:CV-04-0209
                                 :
     vs.                         :      (Case Transferred 01/28/04)
                                 :
LOW SECURITY CORRECTIONAL        :      (Judge Muir)
INSTITUTION ALLENWOOD, et al.,   :
                                 :
     Defendants                  :
```

                                ORDER

                             May 27, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 29, 2003, Plaintiff Richard Hartman initiated this action in the United States District Court for the Southern District of New York by filing a complaint containing 7 counts against numerous entities and individuals.  The events upon which the case is based, including medical treatment provided to Hartman, occurred in Pennsylvania.  The matter was transferred to this court and assigned to us on January 28, 2004.

The claims in count 2 of Hartman's complaint are based on the allegedly negligent medical treatment provided to Hartman by Defendants Dr. Dennis R. Smith and Evangelical Community Hospital.  Pennsylvania law requires a Plaintiff asserting a professional negligence claim to file, within 60 days after filing the complaint, "a certificate of merit signed by the attorney or party" which establishes certain prerequisites to

proceed with a medical negligence claim. *See* Pa.R.Civ.P. 1042.3. Hartman failed to comply with that requirement.

Three pending motions have been filed in this case as a result of Hartman's failure to file a certificate of merit in accordance with Pennsylvania Rule of Civil Procedure 1042.3. On February 28, 2005, Defendant Dr. Dennis R. Smith, M.D., filed a "Praecipe For Entry of a Judgment Non Pros Pursuant to Pa.R.C.P. 1042.6" with respect to the claims against him. On March 1, 2005, we issued an order in which we construed that praecipe as a motion to dismiss Hartman's claims against Dr. Smith, and we established a briefing schedule on the motion. A brief in support of that motion was timely filed on March 15, 2005.

A motion practically identical to that filed by Dr. Smith was filed on March 8, 2005, by Defendant Evangelical Community Hospital. The hospital filed a brief in support of its motion on March 18, 2005.

The local rules of this court required Hartman, who is represented by counsel, to file a brief in opposition to Dr. Smith's motion by April 4, 2005, and a brief in opposition to Evangelical Community Hospital's motion by April 6, 2005. *See* M.D. Local Rule 7.6. After no brief was filed in opposition to either motion to dismiss, on April 19, 2005, we issued an order requiring Hartman, within 14 days after the date of the order, to file such briefs within 14 days after the date of the order. The

order expressly stated that "Hartman's failure to comply with this paragraph may result in the court granting the motions to dismiss." (Order of April 19, 2005, p. 3)  The background of that order stated the following:

> The processing of this case has been substantially delayed by Hartman's counsel's failure to comply with the Pennsylvania Rules of Civil Procedure and the local rules of this court.  All counsel are reminded of their obligation to learn and comply with those rules.

(Id., p. 2)

On April 26, 2005, Hartman filed a "Cross Motion of Plaintiff to File Late Certificates of Merit."  Hartman apparently filed that motion in lieu of the briefs required by our order of April 19, 2005, because to this date he has not filed a brief in opposition to either pending motion to dismiss. We further note that Hartman failed to file a brief in support of his so-called "Cross Motion."

If Hartman's counsel's failure to comply with out order of April 19, 2005, or to file a brief in support of his "Cross Motion" had made it more difficult to rule on the pending motions, we would have issued a rule to show cause why sanctions should not be imposed for violating the order.  Because the issues are relatively straightforward, and the documents filed by the defendants are so thorough, we will not pursue the imposition of sanctions at this time.

On May 3, 2005, Dr. Smith filed a brief in opposition to

Hartman's motion.  On May 6, 2005, Evangelical Community Hospital filed its brief opposing Hartman's motion.  On May 10, 2005, Hartman filed a brief in reply to Dr. Smith's brief.  The time allowed for Hartman to file a brief in reply to Evangelical Community Hospital's brief expired on May 23, 2005.  To this date no such reply brief has been filed and all three motions relating to Hartman's failure to file a timely certificate of merit in accordance with Pennsylvania Rule of Civil Procedure 1042.3 are ripe for disposition.

The parties have implicitly presumed in their briefs that Pennsylvania Rule of Civil Procedure 1042.3 applied in this case when Hartman filed it in the United States District Court for the Southern District of New York.  We researched the issue so that we could confidently rely upon such a conclusion.  Courts have uniformly held that where the alleged acts underlying a negligence claim occurred in Pennsylvania the substantive law of Pennsylvania applies in diversity actions filed in a federal court. *See* Gittes v. GMIS, No. 95 Civ. 2296, 1995 WL 505567 (S.D.N.Y. Aug. 25, 1995), 1999 WL 500144 (July 15, 1999)(Jones, J.)(applying Pennsylvania law in legal malpractice action); Hardy v. Kreider, 1996 WL 583176, *8 (E.D.Pa. Oct. 10, 1996)(Dubois, J.)("The medical malpractice claim alleged by plaintiff will be addressed under Pennsylvania law.  No choice of law question is raised because all of the medical treatment in question took

place in Pennsylvania and the law of no other state is implicated by the facts of this case."); Bonerb v. The Richard J. Caron Foundation, 1995 WL 818657, *2 (W.D.N.Y. July 28, 1995)(in ruling on a motion to transfer a negligence action filed in a New York federal court, court observed that "Pennsylvania law will govern the substantive issues in the case regardless of venue.")

The fundamental issue common to all three pending motions requires us to determine the action to be taken in response to a plaintiff's failure to comply with Pennsylvania Rule of Civil Procedure 1042.3.  Our consideration begins with the text of that rule, which is as follows:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
> (b) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.
> . . . .
> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a

> certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

Pa.R.C.P. No. 1042.3.

The undisputed facts of record establish that Hartman failed to file either a certificate of merit or a motion to extend the time for filing such a certificate within the time allowed by the rule.

As a threshold matter we summarily hold that Hartman is not entitled to file his certificates of merit late because his motion to extend the deadline to file those certificates was itself filed beyond the time allowed by Rule 1043.2(d). We will deny his motion to file late certificates of merit.

The moving Defendants contend that Hartman's failure to comply timely with Rule 1042.3 justifies the dismissal of Hartman's claims against them. Hartman argues that his failure to comply with Rule 1042.3 should be excused because he has since filed the required certificates of merit (one as to each Defendant) and no party has been prejudiced by the untimely filing of the certificates.

Two federal courts have considered the manner in which Rule 1042.3 applies to professional negligence actions brought in a federal court pursuant to diversity jurisdiction. *See* Velazquez v. UPMC Bedford Memorial Hospital, 328 F. Supp. 2d 549, *rev'd in*

6

*part on reconsideration*, 338 F. Supp. 2d 609 (W.D. Pa. 2004)(Gibson, J.); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508 (E.D. Pa. 2004)(Baylson, J.). Both of those courts concluded that Rule 1042.3 should be applied in a diversity action as a "controlling, substantive state law." Velazquez, 338 F. Supp. 2d at 613; Scaramuzza, 345 F. Supp. 2d at 510. In addition, both courts held that a party's failure to comply with Rule 1042.3 warranted dismissal of the claims at issue. Velazquez, 338 F. Supp. 2d at 613; Scaramuzza, 345 F. Supp. 2d at 511 (observing that "this court could dismiss plaintiff's complaint without prejudice for failure to file a certificate of merit, ....").

However, despite arriving at those common conclusions, the two courts reached different ultimate holdings. The contrast in the two courts' holdings stems from the fact that the court in <u>Scaramuzza</u> proceeded to consider the additional issue of whether, if the situation had arisen in state court, the plaintiff would be entitled to obtain relief from the judgment of non pros entered as a result of the failure to comply with Rule 1042.3. The court specifically stated the following:

> If the Court were to consider whether plaintiff would be entitled to relief from a judgment of non pros entered pursuant to Pennsylvania Rule of Civil procedure 1042.6 – though not obligated to make such a determination in considering a motion to dismiss – the Court is satisfied that under Pennsylvania law the Court would grant relief. Although this Court could dismiss plaintiff's complaint without prejudice for failure to file a certificate of merit, dismissal without prejudice with leave to amend is unnecessary and would only require paper shuffling and undue

7

delay.

Scaramuzza, 345 F. Supp. 2d at 511-512.  In the course of holding that the plaintiff there would be entitled to relief from entry of the judgment of non pros, the court in Scaramuzza relied upon its observation that "the defendants have not shown they have been prejudiced by the delay" in complying with Rule 1042.3. Id. at 511.

For the following reasons, we are of the view that we should not follow the practice espoused by the court in Scaramuzza in ruling on the Defendants' motions to dismiss Hartman's claims against them.  As a factual matter, there are significant differences between Hartman's case and Scaramuzza.

In our case the ramifications of Hartman's failure to comply with Rule 1042.3 could extend far beyond the mere "shuffling and undue delay" considered by the court in Scaramuzza.  As noted by the Defendants, if Hartman's claims are dismissed for the failure to comply with Rule 1042.3 then Hartman may be barred by the statute of limitations from pursuing those claims.  The potentially severe consequences at issue here dissuade us from extending our analysis beyond the dismissal of Hartman's claims, which is the only conclusion we need reach to dispose of the pending motions.

There is an additional reason for us to eschew reliance upon Scaramuzza.  As noted above, that court's ultimate holding was

based in part upon its observation that no defendant had been prejudiced by the untimely compliance with Rule 1042.3. The only reported Pennsylvania court decisions of which we are aware have held that such prejudice is immaterial when considering whether a plaintiff's claims should be dismissed for the failure to comply with Rule 1042.3. *See* Parkway Corp. v. Edelstein, 861 A.2d 264, 269 (Pa. Super. 2004); Helfrick v. UPMC Shady Side Hospital, 65 Pa. D. & C. 4th 420, 424-425 (Allegheny Co. 2003).

We will grant the moving Defendants' motions to dismiss Hartman's claims against them. Because the sole reason to dismiss those claims at this time is Hartman's failure to comply with Rule 1042.3, the claims will be dismissed without prejudice.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Hartman's motion to file late certificates of merit (Document 57) is denied.
2. Defendant Dr. Smith's motion (Document 49) to dismiss Hartman's claims against him is granted.
3. Defendant Evangelical Community Hospital's motion (Document 52) is granted.
4. Hartman's claims against Dr. Smith and Evangelical

Community Hospital are dismissed without prejudice.


                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:ga